KING *et al.*

*v.*

LEVY.

(*Supreme Court of Appeals of Virginia, July 11, 1895.*)

[22 S. E. Rep. 492.]

**Fraudulent Conveyances—Change of Possession.\***

In the absence of a fraudulent intent, it is not fraudulent per se as to creditors, in one who has assumed an indebtedness of a firm in consideration of a sale of specified merchandise, to allow such merchandise to remain in said firm's possession to be disposed of in the usual course of trade.

**Deed of Assignment—Knowledge of Trustee of Bill of Sale—Failure to Record.**

Where one of two trustees in a deed of assignment for the benefit of creditors has actual knowledge of a previous bill of sale conveying a part of the assets called for in his deed, the failure to record said bill does not prejudice the creditors.

**Same—Same—Same.**

An assignee for creditors with notice of a prior bill of sale of the property assigned secures no greater rights to the property than his assignor possessed.

Error to circuit court of city of Roanoke; Dupuy, Judge.

Action of detinue by Bettie G. Levy against A. E. King and H. M. Daniel. Plaintiff had judgment, and defendants bring error. Affirmed.

---

*See monographic note on "Fraudulent and Voluntary Conveyances," Va. Rep. Anno.

*Smith & King*, for plaintiffs in error.

*Penn & Cocke*, for defendant in error.

HARRISON, J., delivered the opinion of the court.

The controversy in this suit grows out of the following paper executed January 16, 1894, by the Yager Shoe Company:

"Whereas, the Yager Shoe Company, a corporation chartered under the laws of the state of Virginia, did make and execute two certain negotiable notes, payable at the Commercial National Bank of Roanoke,—the first for the sum of $2,000, at four months, bearing date April 1st, 1893, and indorsed by James A. Yager, J. B. Levy, W. M. Yager, and Bettie G. Levy; the second for the sum of $1,000, at —— months, and bearing date the —— day of ——, 1893, and also indorsed by James A. Yager, J. B. Levy, Wm. M. Yager, and Bettie G. Levy. And whereas, certain payments have since been made on the said notes, reducing the amount to $2,500, which said notes have from time to time been renewed. And whereas, the said Bettie G. Levy has this day agreed with the said Yager Shoe Company to assume and pay off the balance due on said notes: The said Yager Shoe Company, for and in consideration of the said Bettie G. Levy assuming to pay off and discharge the balance due on the two said notes, amounting to the sum of twenty-five hundred dollars, agrees to and does this day hereby sell and deliver to the said Bettie G. Levy the following goods of the said Yager Shoe Company, which are to be in full of the payment of the two aforesaid notes."

A long list of the articles sold, with prices attached, aggregating $2,501.20, is made part of the foregoing bill of sale.

It appears from the evidence that Mrs. Levy allowed the goods mentioned in this bill of sale to remain in the possession

of her vendor until the 22d day of May, 1894, on which last-named day the Yager Shoe Company made an assignment of all its stock of goods to secure its creditors ratably. The stock of goods thus assigned consisted of what remained unsold of the stock covered by the bill of sale to Mrs. Levy, she having allowed her vendor to continue to sell the goods in the ordinary course of business. After the execution by the company of this deed of assignment, Mrs. Levy instituted this action of detinue to recover from A. E. King and H. M. Daniel, the trustees named in said deed, the goods mentioned in the bill of sale. The defendants filed their plea of non detinet, and, neither party requiring a jury, the whole question of law and fact was submitted to the court for its determination. On the 12th day of February, 1895, the court gave judgment for the plaintiff, and thereupon the defendants, A. E. King and H. M. Daniel, obtained a writ of error to this court.

The chief contention of counsel for plaintiffs in error is that, this being an absolute bill of sale, and Mrs. Levy having allowed the goods to remain in the possession of the vendor, this was fraud per se as to creditors. This view cannot be maintained under the authorities. The mere circumstance of possession of chattels amounts to no more than that it is prima facie evidence of property in the possessor until a title, not fraudulent, is shown to be in some other than the one in possession.

It is not contended in the petition for writ of error or in argument that there was any fraud in the transaction, except such legal fraud as was to be presumed from the circumstance that the goods were left in the possession of the vendor.

H. M. Daniel, one of the plaintiffs in error, who was the notary who took the acknowledgment of the vendor to the bill of sale, testifies that, so far as he knew, the transaction was a bona fide one.

The sale to Mrs. Levy being a bona fide one, she has a title which is good against the plaintiffs in error, because, as trustees under the deed of assignment, they took with full and complete

notice of the sale to her. As already stated,. H. M. Daniel, one of the trustees, took the acknowledgment of the vendor to the bill of sale, and he testifies that the bill of sale was left in his possession with the understanding that he should place it on record when directed to do so by Mrs. Levy. The failure, therefore, to record the bill of sale, could not possibly prejudice the plaintiffs in error, for they knew all about it from the time the sale was made to Mrs. Levy until the deed of assignment was executed.

Mrs. Levy being the indorser on the notes referred to in the bill of sale, and having assumed their payment, in consideration of the conveyance to her of the stock of goods, she thereby became the principal debtor as to said notes, and could at any time thereafter have recovered the goods from the Yager Shoe Company ; and, the property not having been conveyed to her in fraud of creditors, the assignees have no greater interest in or better title to it than their assignor had.

It is further insisted by the plaintiffs in error that this bill of sale was merely intended as a mortgage. There are but two witnesses introduced. H. M. Daniel, on behalf of the defendants, says that the consideration for the bill of sale was the indorsement by Mrs. Levy of certain notes for the Yager Shoe Company. This statement, taken in connection with the plain, unambiguous terms of the bill of sale itself, is not sufficient to justify this contention. The terms of the written paper show a complete and absolute sale and delivery for a valuable consideration.

The only other evidence on the subject is that of James A. Yager, a witness for defendants, who says that the bill of sale was executed by the Yager Shoe Company for the purpose of securing Mrs. Levy from any loss on account of certain notes which she had indorsed for the company. What weight was given to this statement by the court below is not known.

The case is before us, under the statute, as on a demurrer to evidence, and, viewing the case from this standpoint, we

think the evidence justified the court in holding that the title to the stock mentioned in the bill of sale passed to the plaintiff, as between the parties, and therefore, as against the subsequent assignees of the Yager Shoe Company, Mrs. Levy had the right to recover the goods in the action brought by her for that purpose.

For the foregoing reasons, the court is of opinion that there is no error in the judgment complained of, and it is affirmed.